UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>AARON DEWAYNE GOODFACE III,<br><br>Defendant. | 3:15-CR-30052-RAL<br><br><br>ORDER DENYING MOTION FOR<br>JUDICIAL RECOMMENDATION |

Defendant Aaron Goodface III filed a Motion for Judicial Recommendation, Doc. 36, asking this Court to recommend that he be placed at a residential reentry center (RRC). For the reasons discussed, Goodface's motion is denied.

## I.     Facts and Procedural History

Goodface was convicted in 2003 for aggravated sexual contact for an attempted forcible rape and received a 110-month sentence with three years of supervised release. Doc. 30 at 10. On April 24, 2015, while on supervised release, Goodface went to the home of Hilda Small, his 75-year-old aunt. Doc. 30 at 5; Doc. 32 at 1. When Small opened the door, Goodface told her that he was intoxicated and forced himself inside. Doc. 30 at 5. Goodface then threw Small on her bed, ripped her clothes off, removed her colostomy bag, and got on top of her. Doc. 30 at 5; Doc. 32 at 2. He began to threaten her and punch her repeatedly, then hit her multiple times with a flashlight. Doc. 30 at 5; Doc. 32 at 2. Small did not recall that Goodface vaginally penetrated her, but she believed that he may have knocked her unconscious by squeezing her neck and punching

1

her repeatedly.  Doc. 30 at 5; Doc. 32 at 2.  After the assault, Small remembered waking up and seeing Goodface naked and passed out beside her in bed.  Doc. 30 at 5; Doc. 32 at 2.

Small got dressed and went to a neighboring apartment for help.  Doc. 30 at 5.  The police arrived, and Small was taken to the hospital for emergency care.  Doc. 30 at 5–6.  She underwent a CT scan which revealed a brain hemorrhage, and she had several facial lacerations that required multiple sutures.  Doc. 23 at 2; Doc. 30 at 6.  Small also underwent a sexual assault examination, which revealed bruising around her labia and blood in her vaginal vault.  Doc. 30 at 6.  A perineum swab revealed the presence of seminal fluid, although no semen was detected.  Doc. 30 at 6; Doc. 32 at 3.  Goodface was taken into custody and took a preliminary breath test (PBT), which registered .115%.  Doc. 30 at 5.

Goodface was indicted for assault with a dangerous weapon and assault resulting in serious bodily injury.  Doc. 1 at 1.  He entered a plea agreement to plead guilty to assault resulting in serious bodily injury in exchange for dismissal for the charge of assault with a dangerous weapon. Doc. 22 at 2.

The sentencing guidelines range for the offense was 51 to 63 months.  Doc. 35 at 2.  But the Government filed a Motion for Upward Departure and Variance, Doc. 32, requesting the statutory maximum of 10 years.  Doc. 32 at 3.  The Government argued the age and vulnerability of the victim and the brutality of the physical assault alone justified an upward departure.  Doc. 32 at 3.

This Court agreed and on October 5, 2015, sentenced Goodface to 119 months, discounting the statutory maximum sentence by one month to credit Goodface for time served in tribal custody. Doc. 33 at 1.  This Court gave the age of the victim, the evidence of a sexual assault, Goodface's prior conviction, and the brutality of the physical assault as facts justifying an upward departure.

Doc. 35 at 3. This Court was concerned that Goodface posed a danger to society. Doc. 35 at 3.

Over six years later, on January 18, 2022, Goodface made a Motion for Judicial Recommendation,

requesting this Court recommend to the Bureau of Prisons (BOP) that he be placed in a RRC for

one year, with six months in a halfway house and six months of home confinement. Doc. 36 at 1.

## II.     Legal Standard

18 U.S.C. § 3621 governs the "Imprisonment of a convicted person." It states in part:

> The Bureau of Prisons shall designate the place of the prisoner's imprisonment. . . . The
> Bureau *may* designate any available penal or correctional facility that meets minimum
> standards of health and habitability established by the Bureau . . . that the Bureau
> determines to be appropriate and suitable, considering-- (1) the resources of the facility
> contemplated; (2) the nature and circumstances of the offense; (3) the history and
> characteristics of the prisoner; *(4) any statement by the court that imposed the sentence--*
> *(A) concerning the purposes for which the sentence to imprisonment was determined to be*
> *warranted; or (B) recommending a type of penal or correctional facility as appropriate . .*
> *. .*

18 U.S.C. § 3621(b) (emphasis added).

## III.    Discussion

Goodface claims that 18 U.S.C. § 3621(b) gives this Court the authority to recommend that

he be placed in an RRC. Doc. 36 at 2. He cites several courts that have recognized 18 U.S.C. §

3621 as giving a district court the authority to make a recommendation for a prisoner's placement

after a sentence has been imposed. Doc. 36 at 1–3; e.g., United States v. Bartels, 2016 WL

6956796, at *1 (E.D. Mich. Nov. 29, 2016) (holding a "court can make a recommendation that an

incarcerated person serve part of their imprisonment in a community corrections facility" under

18 U.S.C. § 3621); United States v. Brattin, 2016 WL 4467897, at *2 (D. Nev. Aug. 23, 2016)

(same); United States v. Baker, 2013 WL 355867, at *1 (M.D. Ala. Jan. 29, 2013) (same).

Goodface also states that community placement will help him obtain employment and earn money

to provide for himself, be a better family member, and become a more productive member of

society.  Doc. 36 at 3–4.  He notes that he has participated Alcoholics Anonymous, Narcotics

Anonymous, and a 500-hour residential drug treatment program (RDAP) while in prison.  Doc. 36

at 4.

Under 18 U.S.C. § 3621, the BOP is to consider "any statement by the court that imposed

the sentence . . . recommending a type of penal or correctional facility as appropriate . . ." when

designating where a prisoner will be placed.  In special condition 1, this Court in fact classified

Goodface as a "prerelease case" when setting forth the RRC condition for supervised released.

Doc. 34 at 4.  This Court is not convinced that § 3621 gives it authority to make any different

recommendation about where a prisoner should be placed *after* the defendant has already been

sentenced.  Although some district courts have held 18 U.S.C. § 3621 gives them the authority to

issue a post-sentencing judicial recommendation on where a prisoner should serve the end of a

sentence, 18 U.S.C. § 3624 governs the "Release of a prisoner" and discusses factors that the

BOP should considering when determining where to place a prisoner at the end of a sentence.  18

U.S.C. § 3624 (c)(1) states:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner
> serving a term of imprisonment spends a portion of the final months of that term (not to
> exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity
> to adjust to and prepare for the reentry of that prisoner into the community.  Such conditions
> may include a community correctional facility.

18 U.S.C. § 3624 makes no reference to any judicial recommendations the sentencing court

may have made concerning where a prisoner should be placed at the end of a sentence.  Even if

this Court has authority to make an additional recommendation, it declines to make such a

recommendation here.  The BOP is in a much better position than this Court to decide where

Goodface should serve the remainder of his sentence because Goodface has been in BOP custody

and has not appeared before this Court for over six years.

4

## IV.    Conclusion and Order

For the reasons discussed, it is hereby

ORDERED that Goodface's Motion for Judicial Recommendation, Doc. 36, is denied.

DATED this 22nd day of February, 2022.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE